UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COLE B. D.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00405-SEB-MJD |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART PLAINTIFF'S PETITION
FOR ATTORNEY'S FEES**

As the prevailing party in the above-captioned matter, Plaintiff Cole D. ("Plaintiff") has moved for an award of $15,241.29 in attorney's fees for 66.1 attorney hours and 1.5 paralegal hours, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 17, 21. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), objects, arguing that hours billed are unreasonable and that the court ought to impose a twenty-hour reduction to the total attorney hours. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

**PROCEDURAL BACKGROUND**

Plaintiff applied for disability benefits on August 8, 2013, but his request was thrice denied: initially, on reconsideration, and in a decision from an administrative law judge

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

("ALJ") on May 26, 2016. After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a civil action on December 7, 2017, which resulted in our granting of a joint motion for reversal and remand.

On January 2, 2020, a different ALJ denied Plaintiff's claims, prompting Plaintiff to initiate a second civil action in this court on March 3, 2020. In that second proceeding, we reversed the ALJ's decision. After a hearing on December 21, 2021, the ALJ again denied Plaintiff's claims. Having exhausted all administrative remedies, Plaintiff filed the above captioned action on March 1, 2022.

On February 10, 2023, then-Magistrate Judge Matthew Brookman issued a Report and Recommendation ("R&R"), advising this Court to remand the matter for further proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner did not object to the R&R. Accordingly, we adopted the R&R, reversing and remanding the matter on March 2, 2023. Dkt. 15. Plaintiff now seeks an award of $15,241.29 in attorney's fees, pursuant to the EAJA. Dkt. 17.

## DISCUSSION

Under the EAJA, a party prevailing against the United States in a civil action is generally entitled to an award of "fees and other costs," unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). Additionally, the plaintiff bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983).

There is no dispute that Plaintiff is a prevailing party eligible for an EAJA award. Furthermore, we have not been presented with evidence that the government's position was substantially justified or that special circumstances make an award unjust.[2] Rather, the Commissioner argues that Plaintiff has failed to demonstrate that the hours logged are reasonable.

As the fee applicant, Plaintiff bears the burden of establishing that the requested award is reasonable. *Hensley*, 461 U.S. at 434. Accordingly, Plaintiff has attached a time log to his motion, which attachment shows that his counsel billed 63.8 attorney hours (at $228.31/hour) and 1.5 paralegal hours (at $100/hour) in connection with representation in this court. Dkt. 17-2. For the 2.3 attorney hours his counsel spent drafting a reply brief to the Commissioner's response, dkt. 19, Plaintiff requests an additional $525.11 in fees. The sum of Plaintiff's request is, therefore, $15,241.29 for 67.6 hours. Dkt. 21.

The statutory rate for attorney's fees under the EAJA is $125.00 per hour, 28 U.S.C. § 2412(d)(2)(A), but Plaintiff appropriately adjusted the statutory rate (originally set in 1996) for inflation by using the Consumer Price Index ("CPI") for the June 2022 Midwest urban market. *Sprinkle v. Colvin*, 777 F.3d 421, 427–28 (7th Cir. 2015) (advising courts to rely on inflation adjusted rates according to the CPI, using date on which legal services were rendered). Likewise, a $100.00 hourly rate for paralegal hours has been found

---

[2] The Commissioner contends—albeit only in passing—that "the government's position was substantially justified," but she dedicates none of her six-page responsive brief to detailing this position. Dkt. 19 at 2. "[T]he Commissioner bears the burden of proving that her position was substantially justified," and, here, she has not made that showing. *Golembiewski*, 382 F.3d at 724. Thus, we regard the Commissioner as failing to carry her burden, and we conclude that the government's position was not substantially justified.

3

reasonable in this district. *Rosella T. v. Kijakazi*, No. 3:22-cv-00210-RLY-MPB (S.D. Ind. Apr. 7, 2023); *Cullen v. Colvin*, No. 4:14-cv-59-WGH-RLY, 2015 WL 8180642, at *4 (S.D. Ind. Dec. 7, 2015)

The Commissioner does not contest the reasonableness of the requested rate of $228.31 per hour; instead, she objects to the total hours billed for being unreasonably redundant and impermissibly vague. She argues that two attorneys were unnecessary is this "run-of-the-mill Social Security disability case" and that the time entries in Plaintiff's time log were impermissibly vague. Dkt. 19 at 2–4. Accordingly, the Commissioner proposes a twenty-hour reduction in the total attorney hours.

We disagree with the Commissioner's contentions. First, Plaintiff's counsel's division of labor between a junior and senior attorney is not "redundant," unless shown to be so based on their respective outlays of time. According to the time log, one attorney (initialed "BS") spent 31.9 hours researching and drafting Plaintiff's opening brief, and a senior attorney (initialed "AMD") spent 8.6 hours reviewing and revising it. Dkt. 17-2 at 1–2. There is nothing inherently problematic about such a responsibility-sharing arrangement, for "[r]eview by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed." *Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *2 (N.D. Ind. Apr. 23, 2014). It is worth acknowledging, too, that Plaintiff's counsel did not represent Plaintiff at the administrative level and thus was faced with reviewing a 2,358-page record in preparing his appeal. Indeed, in the R&R, the Magistrate Judge observed that this record was "not average." Dkt. 14 at 5 n.2. Though the "permissible range" for Social Security cases is, "generally speaking, 40

to 60 hours," we do not consider unreasonable the overall time counsel dedicated to reviewing a 2,358-page record, developing the facts, and identifying all appealable issues. *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases); *accord Rosella T.*, No. 3:22-cv-00210-RLY-MPB (S.D. Ind. Apr. 7, 2023) (awarding undersigned counsel for 44.1 hours with an almost 1,000-page administrative record); *Joseph S. v. Kijakazi*, No. 2:21-cv-00470-JPH-MJD (S.D. Ind. Apr. 10, 2023) (awarding undersigned counsel for 54.1 hours with 435-page record); *Kinsey-McHenry*, 2014 WL 1643455, at *1 (awarding fees for 62.9 hours based on a 553-page administrative record).

The Commissioner also raises Plaintiff's counsel's "failure to appropriately narrow the issues appealed," citing decisions from this district that comment on counsel's emerging reputation of taking a "kitchen-sink approach" to Social Security litigation. Dkt. 19 at 3; *e.g.*, *Barbara S. v. Saul*, 1:20-cv-00154, 2020 WL 4499631, at *5 (S.D. Ind. Aug. 5, 2020); *Victoria A. v. Saul*, 3:19-cv-00216-RLY-MPB, dkt. 20 at 15 (S.D. Ind. June 19, 2020). However, the Commissioner has not tethered this characterization to any specific component of Plaintiff's opening and reply briefs in the case before us, nor has the Commissioner confronted the fact that Plaintiff ultimately won a favorable ruling. Accordingly, we find no basis to reduce counsel's hours on these grounds.[3]

---

[3] In passing, we note in regard to Plaintiff's counsel's briefing style, that Plaintiff's EAJA reply brief, dkt. 21 at 8–9 n.2, dedicates almost two pages to a single footnote, citing one-hundred-and-two "representative cases" to "demonstrate that Plaintiff is not in the practice of routinely seeking unreasonable or excessive fees." Though we do not reduce Plaintiff's fee petition on these grounds today, we caution Plaintiff's counsel to avoid the use of "cumbersome" and "inefficient" string cites, as two-pages of single-spaced case citations may by itself defeat the point counsel intends to

The Commissioner argues that the time log is impermissibly vague because it "lacks the specificity necessary to assess the division of labor between multiple attorneys." Dkt. 19 at 5. She does not, however, specify any single entry that she believes is unclear and instead cites only cases supporting the general proposition that courts reduce vague time entries. *Id.* Here, the itemized entries are listed in blocks of 12.5 hours or fewer. Dkt. 17-2. Though the entries could surely have been more specific, they nonetheless adequately indicate how the billable time was spent. *Id.* at 1–2 (descriptions include "[r]eview transcript and summary of the medical evidence; begin drafting the statement of the facts and potential arguments memorandum"; and "[r]esearch and prepare Plaintiff's Reply Brief"); *accord Joseph S.*, No. 2:21-cv-00470-JPH-MJD, slip op. at 5 (granting attorney's fees to the same undersigned counsel).

Plaintiff requests an additional $525.11 (2.3 hours x $228.31) for his counsel's time drafting a reply to the Commissioner's response. *See* dkt. 18 at 10 n.2. The Commissioner has not objected, but upon reviewing many of the undersigned counsel's cases in this district—which counsel also cites—we discovered that the seventeen-page reply brief is virtually identical to many others the Court has received. *E.g.*, Pl.'s Reply Br., *Joseph S.*, No. 2:21-cv-00470-JPH-MJD (filed March 29, 2023), dkt. 21 (requesting additional 1.4 hours); Pl.'s Reply Br., *Rosella T.*, No. 3:22-cv-00210-RLY-MPB (filed Mar. 31, 2023), dkt. 22 (requesting additional 1.8 hours); Pl.'s Reply Br., *Sharon R. v. Kijakazi*, No. 1:22-cv-00938-TWP-MJD (filed September 23, 2023), dkt. 22 (requesting additional 0.9 hours).

---

make. Dkt. 14 at 5 n.2 (Judge Brookman commenting on Plaintiff's counsel's briefing style and describing the use of "lines-long string cites").

While there is some efficiency achieved in recrafting existing work product, we cannot ignore that each reply brief substantially replicates identical structure, substance, case citations, block quotes, and even a two-page-long footnote, dkt. 21 at 8–9 n.2. Because it is the pattern of undersigned counsel to reuse previously-filed briefs (and successfully so with fewer hours billed), we find that 2.3 hours is not reasonable. Therefore, we reduce the value by one hour and award Plaintiff $296.80 (1.3 x $228.31) for the time spent on the reply brief.

## CONCLUSION

For the foregoing reasons, Cole D.'s Petition for Attorney's Fees, dkt. 17, is **GRANTED IN PART**. Plaintiff is awarded attorney's fees and expenses in the amount **$15,012.98**, in full satisfaction of any and all claims for attorney's fees, expenses, and costs that may be payable in this matter under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Any fees paid can be offset to satisfy any pre-existing debt that Cole D. owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner verifies that Cole D. does not owe a pre-existing debt to the government subject to the offset, the Commissioner will direct that the award be made payable to Cole D.'s counsel, The de la Torre Law Office LLC, pursuant to the EAJA assignment duly signed by Cole D. and counsel.

IT IS SO ORDERED.

Date:
          10/6/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@towerlawgroup.com